(18 Misc. Rep. 617.)

### SCHMEIG v. KOCHERSBERGER et al.

(Supreme Court, Special Term, Queens County.    December, 1896.)

WILLS—INTERPRETATION—LIFE ESTATE.
    Testator's wife takes only a life estate by a will giving to her all his estate, with power to sell the real estate if necessary, and use the interest on the proceeds for her support, and providing that on her death "all testator's real and personal estate as aforesaid [if said real estate has not been sold as hereinbefore provided]" should go to his adopted daughter.

Action by Sarah Schmeig against Christian Kochersberger and others to set aside a conveyance by the widow of Michael Berninger of lands in which plaintiff claimed remainder. Plaintiff is the adopted daughter of testator mentioned in the will. Judgment for plaintiff.

Henry A. Montford, for plaintiff.
William Rasquin, Jr., for defendants.

GAYNOR, J.    By the second clause of the will the testator devised and bequeathed all of his real and personal estate to his wife, in so many words, but coupled therewith that she might sell any or all of the real estate, if she saw fit, and use the interest derived from the proceeds for her support.    This, in itself, indicates an intention to devise to her a life estate only.    The next two clauses make this intention plain.    The third clause is that the testator gives and devises unto his adopted daughter, after the death of his said wife, "all my real and personal estate as aforesaid [if said real estate has not been sold as hereinbefore provided], for her own use, benefit, and behoof forever."    The phrase in brackets means that, if the real estate has been sold, the proceeds are embraced in the bequest to the daughter.    The fourth clause provides that, if the said adopted daughter should die in the lifetime of the testator, the executrix must sell the said real estate, if it has not already been sold as permitted by the second clause, and invest and keep the proceeds for the children of the said daughter.    By the fourth and last clause the wife is appointed executrix.    This is the substance of the will.    Though the actual language and arrangement are crude and inartificial, the meaning is plain, and therefore artificial rules of construction may not be resorted to; for they may be applied to a will only when the meaning is doubtful, and in order to spell out a meaning.    In re James, 146 N. Y. 78, 40 N. E. 876.    The contention that the plaintiff had and has no interest in the real estate, but that the widow took in fee, is not good.    The widow was given only a

life estate by the will, and in respect of the remainder she was, as has been seen, made the trustee of the adopted daughter and her children. The conveyance of the real estate by her to her two brothers, defendants herein, was without adequate consideration, and was made and accepted with the fraudulent intention of defeating the rights of the said daughter (the plaintiff herein) under the will, and depriving her of the said property. As has been seen, the only power of sale specifically coupled with the office of executrix by the will was in the event of the said daughter dying during the testator's lifetime. Though that event did not occur, the conveyance by the widow is in terms under the power of sale to the executrix. The point has not been raised that the conveyance, therefore, conveys nothing, and thus, not being a cloud upon the title, that this action cannot be maintained; and I therefore do not pass upon it. I notice it only because cases upon appeal are not unfrequently determined upon questions not even mooted upon the trial, and often not thought of, or, if thought of, carefully avoided by counsel for present purposes, though they may seem to be covered by general exceptions shown by the appeal record. This will continue to be the case, apparently, until our practice shall require that the questions of law to be reserved for review upon appeal shall be stated by counsel at the close of the trial, and noted, as is done in some jurisdictions.

Judgment for plaintiff.